**In re Habeas Corpus of Charles Ray KIT-TRELL, and Wallace Everett Truax.**

**No. A–12549.**

Criminal Court of Appeals of Oklahoma.

Nov. 6, 1957.

Ralph Samara, Oklahoma City, for petitioners.

James W. Bill Berry, County Atty., William N. Mounger, Asst. County Atty., Oklahoma County, Oklahoma City, for respondent.

PER .CURIAM.

Petitioners allege that on or about September 16, 1957 they were charged with robbery with firearms; that there were three such charges against Kittrell and two such charges against Truax in the justice of the peace court of Mildred Boyer, Oklahoma City, Oklahoma; that the charges were transferred to the justice court of Wendell Foster, Oklahoma City, and preliminary hearing was commenced on October 2, 1957; that an accomplice, Loran H. Grassee, denied that the defendants were involved in the robberies charged, and by understanding between counsel for the State and defense, the hearing was continued to October 9, 1957, with agreement that if the State did not at such time present material evidence the cases would be dismissed; that at the hearing on October 9, 1957 witness Grassee changed his evidence and implicated the defendants in the armed robberies, and the case was continued until October 16, 1957 so that the State might locate a corroborating witness, but on October 15, 1957 the State dismissed all the armed robbery charges against the defendants, but then refiled the same before Wendell Foster, Justice of the Peace.

On hearing in this court on October 24, 1957 a demurrer to the petition for writ of habeas corpus was overruled, whereupon the State filed a response, alleging that at all times there had been a hold order from the Pardon and Parole Board for said defendants, and also a hold order from Logan County, Oklahoma, upon an alleged charge of burglary committed in the city of Guthrie. All the allegations of the petition were orally confessed, and it was shown that four corroborating witnesses

**472**

had been endorsed on the complaints, and that the three charges of armed robbery had been set for preliminary hearings before Justice of the Peace Wendell Foster for 9 A.M. on November 6, 1957.

Justice of the Peace Foster testified that when he set the cases that he had all other dates filled with other hearings, but that since said time, due to other cases being disposed of or reset, he could set the hearings for Wednesday, October 30, 1957.

All persons charged with crime are by the Constitution and Statutes entitled to a speedy hearing after being taken into custody. Here the State needed corroborating evidence, and was trying to locate certain witnesses that were eventually located. If prompt application had been made to this court, if a speedy hearing could not have been had, a writ would probably have been granted, and consideration given to turning the petitioners over to the Logan County officers, or others placing a hold order. Under the circumstances, however, we do not think petitioners are entitled to be discharged. The State was entitled to dismiss the charges without prejudice if the evidence insufficient, but was entitled to refile when corroborating witnesses would be located, where the statute of limitation had not run, and prejudice had not attached. Speedy hearings are now assured.

The writ is denied.